FILED
2015 Jun-24 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **ELVIN EARL DARBY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:14-cv-01373-MHH-JHE** |
| | ) | |
| **WARDEN KENNETH JONES and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA,** | ) | |
| | ) | |
| **Respondents.** | | |

**MEMORANDUM OPINION**

On January 9, 2015, Magistrate Judge England entered a Report and Recommendation in which he recommended that the Court dismiss Mr. Darby's petition for writ of habeas corpus. (Doc. 9). After an extension of time, Mr. Darby filed objections to the report on February 17, 2015. (Doc. 12). For the following reasons, the Court overrules Mr. Darby's objections.

## I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a Report and Recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## II. DISCUSSION

In his petition for habeas corpus, Mr. Darby "challenges his April 7, 2005 conviction in the Tuscaloosa County Circuit Court for two counts of first-degree sodomy, for which he was sentenced to fifty years in prison." (Doc. 12, p. 1). Mr. Darby contends that the state circuit court violated his federal due process rights when the court waited too long to mail an order to him that would have given him an opportunity amend his fourth Rule 32 petition to present newly discovered evidence for the circuit court's consideration. (Doc. 12, p. 3).

That state court order to which Mr. Darby refers states that the issues that Mr. Darby identified in his fourth Rule 32 petition:

> have been previously addressed and [the petition] is clearly successive. The petition fails to state a claim for any "newly discovered evidence" that would grant relief. The petitioner is given 30 days to amend if he so chooses to state a claim.

(Doc. 12, p. 3; *see also* Doc. 8, p. 9). Mr. Darby contends that because he received the order more than 30 days after the circuit court issued the order, he lost his actual innocence defense. (Doc. 12, p. 3). Mr. Darby summarizes his federal due process argument as follows:

> The circuit court's failure to furnish Darby a copy of its [sic] order without undue delay resulted in Darby's failure to respond to the circuit court's [sic] order within 30 days. Darby's failure to respond to the circuit court's [sic] order due to constitutional error in the circuit courts failure to furnish Darby a copy of its [sic] without undue delay caused the loss of Darby's actual innocent claim directly related to his detention.

(*Id.*; *see also* Doc. 12, p. 5).

Magistrate Judge England recommended that the Court dismiss Mr. Darby's federal habeas petition because Mr. Darby's petition is "an attack on the fairness of Darby's Rule 32 collateral proceeding," and under *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004), "a finding of a constitutional violation in that proceeding would not entitle him to relief from his sentence or conviction." (Doc. 9, p. 3). In his objections to Judge England's report, Mr. Darby challenges certain characterizations of his habeas argument in the report and emphasizes that his actual innocence claim is "directly related to his detention," such that *Quince* should not bar his federal habeas petition. (*See* Doc. 12, pp. 5-11).

In *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004), the Eleventh Circuit held that "an alleged defect in a collateral proceeding does not state a basis for habeas relief." The Eleventh Circuit explained, however, that a petitioner can argue "that there was a deficiency which rendered the state court proceedings not full and fair. Such a deficiency might deprive the state of the presumption of correctness with respect to the findings of" the state court judge. *Id.*

Judge England properly found that Mr. Darby's federal habeas petition does not attack the validity of Darby's state conviction or sentence but instead pertains to the fairness of Mr. Darby's fourth Rule 32 collateral proceeding. Admittedly, if Mr. Darby could establish actual innocence in the Rule 32 proceeding, the result

would have a direct impact on his detention, but the fact remains that his federal petition addresses the lack of due process in a state collateral proceeding, not Darby's state detention. Therefore, the Court overrules Mr. Darby's objections to the Report and Recommendation.

Giving Mr. Darby the benefit of the doubt and assuming that his due process challenge is tantamount to an argument under *Quince* that there was a deficiency in his fourth Rule 32 proceeding "which rendered the state court proceedings not full and fair," thus depriving the state court decision of the presumption of correctness with respect to the findings of the state court judge, the Court still overrules Mr. Darby's objections. Such a challenge under *Quince* fails because the Alabama Court of Criminal Appeals properly considered and resolved Mr. Darby's fairness argument.

As Mr. Darby recognized in his objections, the Alabama Court of Criminal Appeals held that "the failure of a circuit court to serve its orders on a Rule 32 petitioner or his or her counsel . . . is a denial of due process," and the Court of Criminal Appeals acknowledged that Mr. Darby did not receive a copy of the circuit court's 30-day order until after the 30 days in which the circuit court gave him an opportunity to amend his Rule 32 petition expired. (Doc. 12, pp. 6-7; *see also* Doc. 1, p. 43). Nevertheless, the Court of Criminal Appeals affirmed the trial court's decision because the Court of Criminal Appeals found that any error was

"harmless beyond a reasonable doubt and did not affect Darby's substantial rights." *Ex parte Darby*, CR-12-0847, p. 9 (Ala. Crim. App. Oct. 2, 2013).[1] The Court of Criminal Appeals pointed out that even though Mr. Darby did not receive the trial court order that gave him 30 days to amend his Rule 32 petition, Mr. Darby unilaterally filed multiple amendments to his petition after the trial court entered the 30-day order.[2] The trial court considered all of these amendments before it dismissed Mr. Darby's Rule 32 petition. (*Id.*) Therefore, Mr. Darby was not harmed by the delayed distribution of the trial court's 30-day order.

The Alabama Court of Criminal Appeals added that the trial court error was harmless because of the nature of the new evidence that Mr. Darby identified. The state appellate court explained that under Rule 32 of the Alabama Rules of Criminal Procedure, to receive relief from a conviction or sentence on the basis of "newly discovered material facts," a defendant cannot rely on new facts that "merely amount to impeachment evidence." The Court of Criminal Appeals found

---

[1] The Court takes judicial notice of the Alabama Court of Criminal Appeals's decision. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to the plaintiff's previous civil action because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b); other internal citations omitted). The state court appellate decision is available on the Alacourt website. A copy of the decision is attached to this opinion as Appendix A.

[2] On November 9, 2012, Mr. Darby filed an "Amendment to Clarify Pleading." On November 16, 2012, Mr. Darby filed a second "Amendment to Pleading." On December 7, 2012, Mr. Darby amended his petition a third time, filing a "Motion to Amend Rule 32 Petition by Adding a Pleading Pursuant to Rule 32.7(b), A. R. Cr. P." *Darby*, CR-12-0847 at p. 4.

that Mr. Darby's newly discovered evidence pertained to "the credibility of the victims" such that the new facts constituted "impeachment evidence" under Rule 32.1. *Darby*, CR-12-0847 at pp. 12-13 (citing Ala. R. Crim. P. 32.1(e)(3)). As a result, Mr. Darby's newly discovered evidence could not provide a basis for relief from his conviction or sentence under Alabama law.

The undersigned has reviewed the new evidence that Mr. Darby submitted with his filings in this court and finds that it is, as the Alabama Court of Criminal Appeals recognized, impeachment evidence. Indeed, Mr. Darby argues in his federal habeas petition that "[t]he newly discovered evidence has exposed the State's case against Darby as merely an intentional deception by it's [sic] witnesses, that based on the newly discovered evidence none of the accusations against him can be possible, and that the actions of the state's witnesses are criminal." (Doc. 1, p. 14). Mr. Darby wishes to present his newly discovered evidence in a Rule 32 petition to establish that "the state's only evidence that a crime had occurred was through the testimony of their witnesses" and "[h]ad the jury known at the time of trial, based on this newly discovered, they [] had been deliberately deceived, and the facts in issue upon which the victims based [their] cause of action was not possible. The jury could not have convicted Darby beyond a reasonable doubt." (Doc. 8, p. 4). Under Rule 32 of the Alabama Rules of Criminal Procedure, this impeachment evidence would not give Mr. Darby a basis

for relief from his conviction or sentence. Ala. R. Crim. P. 32.1(e). Consequently, any flaw in Mr. Darby's fourth Rule 32 proceeding does not provide a basis for federal habeas relief under *Quince* under any scenario.[3]

## III. CONCLUSION

The Court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that Mr. Darby's federal habeas petition should be dismissed for the reasons stated in the Report and Recommendation and for the reasons discussed in this memorandum opinion. Accordingly, the Court adopts the recommendation of the magistrate judge and holds that Mr. Darby's petition for writ of habeas corpus should be **DISMISSED**. The Court will enter a separate final order consistent with this memorandum opinion.

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

[3] This analysis resolves Mr. Darby's objections to the magistrate judge's analysis of Counts I, II, and III of Mr. Darby's habeas petition. In his objections, Mr. Darby concedes that his fifth claim for habeas relief "could have been raised in his first federal habeas petition," and he acknowledges that the Court should dismiss that claim for lack of jurisdiction. (Doc. 12, p. 16). The Court overrules Mr. Darby's objection to Judge England's analysis of Mr. Darby's fourth claim. The Court accepts Judge England's recommendation that the Court should dismiss for lack of subject matter jurisdiction Mr. Darby's claim for ineffective assistance of trial counsel. (Doc. 9, pp. 6-7).

claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The Court finds that Mr. Darby's constitutional claims do not satisfy either standard. Therefore, the Court will not issue a certificate of appealability to Mr. Darby. Mr. Darby may request a certificate of appealability from the Eleventh Circuit Court of Appeals. *See* Rule 22, Federal Rules of Appellate Procedure 22; Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

**DONE** and **ORDERED** this June 24, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE